IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN THOMAS SMITH, | ) | Case No. 1:21-CV-01525 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| LORAIN COUNTY VETERANS | ) | |
| SERVICE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## I.     INTRODUCTION

Before the Court is Plaintiff John Thomas Smith (Plaintiff or Smith)'s action against

Defendant Lorain County Veterans Service Commission (Defendant or LCVSC) alleging federal

and state employment law claims for disability discrimination. (R. 1). By Order (R. 13), the

previously assigned district judge granted Defendant's motion for partial judgment on the

pleadings thereby dismissing with prejudice Plaintiff's claims alleging Defendant violated his due

process rights by terminating him without a hearing and wrongfully discharged him under state

law.

Now, Defendant moves for summary judgment on the remaining claims (R. 37). Plaintiff

has responded in opposition (R. 46), to which Defendant has replied. R. 47. For the following

reasons, Defendant's motion is GRANTED IN PART by the dismissal of the remaining federal

claim. In addition, the Court declines to exercise supplemental jurisdiction over the remaining

state law claim and it is dismissed without prejudice. Defendant's motion to compel discovery (R.

34) is DENIED as moot.

## II.    BACKGROUND

The basic facts relevant to adjudicating the present motion are not in dispute. On January 16, 2018, Defendant LCVSC hired Plaintiff as an administrative support assistant. R. 46, PageID#: 974. On March 22, 2018, approximately 60 days into his employment, Smith received a formal written evaluation by the executive director of the LCVSC, Thomas Stone, that ranked overall job performance as two out of five. R. 41, PageID#: 750. Specifically, the evaluation rated Smith's "work quality and dependability" as one out of five—the lowest possible score. *Id.*, PageID#: 748-49. Stone concluded with a notation "Need to see improvement in the next 4 weeks on the basics." *Id.*, PageID#: 750.

Based on cumulative impressions of Smith's performance by both Smith's immediate supervisor Lisa Miller and director Stone, Stone recommended to the Defendant's board that Smith's employment be terminated. *Id.*, PageID#: 815. On June 13, 2018, one-hundred and forty-eight days after he was hired, Defendant terminated Smith's employment. R. 37, PageID#: 171.

Smith applied for and was granted individual unemployability benefits by the Veterans' Administration on June 14, 2018. R. 46, PageID#: 989; R. 47, PageID#: 1040. LCVSC did not replace Smith. R. 37, PageID#: 166.

Smith filed a charge of disability discrimination with the EEOC. R. 46, PageID#: 973. According to the EEOC's determination, Smith asserted that he was "discharged for absenteeism and that any absences were due to his disability" while the LCVSC asserted that he was discharged for performance issues and not due to absenteeism. R. 1, PageID#: 12. Smith's actual charge stated that "I believe I was terminated because my service connected disability, primarily

anxiety and adjustment disorder[,] were perceived as being far more serious than they were. I

base this on the fact that my director terminated me for absenteeism when in fact any absenteeism

was due to the anxiety that I experienced due to my service-connected disability." R. 39,

PageID#: 358.

III.    DISCUSSION

A.  <u>Complaint</u>[1]

There are two claims pending from Plaintiff's Complaint that are subject to the present

motion for summary judgment:

(1)  Count One under the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq*.,

(ADA) alleges that Plaintiff "requested a reasonable accommodation in the form of time off in

order to attend appointments with health care providers and/or address his migraines" but

"Defendant [LCVSC] failed and refused to reasonably accommodate Plaintiff's request for

scheduling accommodation." R. 1, PageID#: 4.

(2)  Count Two under Ohio law alleges that the actions specified in the preceding count

violated Ohio Revised Code § 4112.02(A).

B.  <u>Parties' Summary Judgment Arguments</u>

Defendant moved for summary judgment on the "entirety of Plaintiff's Complaint", but as

noted above, the Court has already dismissed two claims by partially granting Defendant's

motion for judgment on the pleadings, leaving only the two claims are addressed herein.

---

[1] Plaintiff's Complaint asserted four claims, but there are only two claims pending because the other claims were dismissed earlier in these proceedings. R.13.

Although the federal ADA claim and the Ohio disability discrimination claim are analyzed together in the Defendant's motion (*id.*, PageID#: 178, fn. 17), for reasons that will be developed below, this Court will now exclusively consider the federal claim.

Defendant LCVSC presented two related arguments that Smith failed to exhaust his administrative remedies. Specifically, LCVSC contends that the filing of an EEOC complaint is a prerequisite to maintaining an action under the ADA and that any judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the discrimination charge filed. *Id*. PageID#: 175 (citing *Equal Employment Opportunity Commission v. Mathews Ford Marion, Inc.,* 2017 WL 10964914, at *3 (N.D. Ohio Sept. 27, 2017). Defendant maintains that Smith's charge before the EEOC was based on a different disability and theory of recovery than asserted here, and argues that Smith's claim to the EEOC was for wrongful termination based on a misperception of the severity of his anxiety and adjustment disorder while the charge here is a "failure to accommodate" his need to be absent while attending doctor visits for "migraines." R. 37, PageID#: 176-77.

Dovetailing that argument, Defendant asserts that Smith failed to exhaust his administrative remedies as to a failure-to-accommodate claim. It contends that Smith only alleged discrimination "by termination" in his EEOC charge and did not assert to the EEOC that he had requested a reasonable accommodation from the LCVSC nor that Defendant had denied him any such accommodation. *Id*. Further, Defendant argues that even if the EEOC charge were construed as stating a claim for denial of reasonable accommodation, Smith cannot show that he was a qualified individual with a disability entitled to such an accommodation (*id*., PageID#: 179), that he actually requested an accommodation (*id*., PageID#: 180-81), or that the LCVSC denied him

4

an accommodation. *Id.*, PageID#: 182.

Smith asserts that EEOC charges are to be liberally construed to allow consideration of claims reasonably related to the factual allegations asserted in the administrative proceedings. R. 46, PageID#: 980. Thus, he maintains, the his assertion in the EEOC complaint that he was terminated due to service-connected disabilities, *i.e.,* "primarily anxiety and adjustment disorder," was enough to include headaches and migraines as "directly related" conditions to anxiety and adjustment disorder. *Id.*

Next, he contends that a "fair reading" of the Complaint's allegation of failure to accommodate is sufficiently related to his EEOC Charge contesting his termination, because they both arise from the same premise: that the LCVSC held his disability related absenteeism against him, first by refusing to accommodate his need for time off for doctor appointments and then by asserting that absenteeism as grounds for his termination. *Id.*, PageID#: 981-82. He further notes that any exhaustion argument cannot relate to his Ohio claim since Ohio's exhaustion requirement enacted in 2021 post-dates his employment at LCVSC, which ended in 2018. *Id.*, PageID#: 93.

Moreover, Smith maintains that he was a qualified individual with a disability, notwithstanding that he obtained disability benefits from the Veterans Administration, by stating that he was unable to work, shortly after his employment ended with LCVSC. *Id.*, PageID#: 984-85.

Finally, Smith contends that a factual question remains regarding whether he actually requested an accommodation from the LCVSC for a disability. To that point, he argues that the law does not mandate a specific manner or form of asking for such an accommodation and that

such a request can be construed from what his supervisor knew of both his disability and his need for an accommodation. To that end, Smith cites various circumstances and events, which when viewed most favorably to Plaintiff, he argues support his contention. *Id*., PageID#: 985-86.

Defendant's reply reiterates its previous arguments. It asserts that Smith failed to exhaust his administrative remedies with the EEOC because he identified the basis for the discrimination as wrongful termination with no mention of alleged failure-to-accommodate, and also asserted that his underlying disability was anxiety and not migraines. R. 47, PageID#: 1035-37. It further contends that Smith was not a qualified individual with a disability because he obtained individual unemployability benefits from the VA after representing to it that he was "too disabled to work" as of June 14, 2018 – the date he was terminated from the LCVSC. *Id*., PageID#: 1038. Defendant argues that if Smith was, as he swore in his benefits application, too disabled to do any substantial work for any employer under any circumstance on the day he was terminated, he cannot have also been eligible for a work accommodation as an otherwise "qualified individual with a disability" at LCVSC on the preceding day. *Id*., PageID#: 1038-40. Finally, it contends the only testimony of record concerning what Smith may have said to an LCVSC supervisor that would have put a supervisor on notice of any need for an accommodation due to a disability is his deposition testimony about a single comment to his supervisor that "some of the time I had taken [off work] was due to [service-connected disabilities]." *Id*., PageID#: 1040 (citing R. 39, PageID#: 289). This comment, argues Defendant, is insufficient as a matter of law to constitute an accommodation request. *Id.* Moreover, Defendant contends that even though Plaintiff never requested an accommodation, "LCVSC *never* denied Smith any requested time off – not even when he went into negative accrual [as to his available leave time]." *Id.* PageID#: 1041 (emphasis

original). Thus, Defendant argues that any failure-to-accommodate claim fails on that basis, as well. *Id.*

## IV.     ANALYSIS

A.  <u>Summary Judgment Standard</u>

The summary judgment standard is well-known. Rule 56 of the Federal Rules of Civil Procedure states that summary judgment is appropriate when the movant shows that there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law. In that regard, the court is to view the evidence in the light most favorable to the nonmoving party and a genuine issue of material fact exists when the evidence is such that a jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Indeed, the reviewing court must not only construe the evidence in the light most favorable to the nonmoving party but must draw any inferences from the evidence in favor of the party opposing the motion. *Kraus v. Sobel Corrugated Containers, Inc.,* 915 F.2d 227, 229 (6th Cir. 1990).

The nonmoving party, however, may not rest on the allegations of the pleadings to establish the presence of a genuine issue of material fact, nor upon its mere insistence that such an issue may exist. *Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974). Moreover, a party asserting an affirmative defense that bears the burden of proof in that regard at trial, also bears the same burden for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 23-24 (1986).

B.  <u>Standard for ADA Claims</u>

The ADA provides that "[n]o [employer] shall discriminate against a qualified individual

7

on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The phrase "discriminate against a qualified individual on the basis of disability" includes "not making reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." *Id.*, at § 12112(b)(5)(A).

  C. <u>Application of Standards – Exhaustion of Administrative Remedies</u>

   Although Defendant's motion raises multiple grounds for dismissal, the Court exercises judicial restraint by addressing a foundational issue—exhaustion of administrative remedies—that proves dispositive. The Sixth Circuit has explained that "[e]haustion of administrative remedies is a condition precedent to bringing suit claiming a violation of the ADA." *Terre v. Hopson*, 708 F. App'x 221, 226 (6th Cir. 2017) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000)). "A plaintiff seeking to bring employment discrimination claims under the ADA must first exhaust administrative remedies, and failure to properly exhaust is an appropriate basis for dismissal of an ADA action." *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 492 (6th Cir. 2018) (citing *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004) (*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). "To properly exhaust administrative remedies under the ADA, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the  alleged discrimination." 740 F. App'x at 492 (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d

299, 309 (6th Cir. 2000); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1)). The plaintiff must

then obtain a right-to-sue letter from the EEOC before bringing suit under the ADA. *Jones*, 740

F. App'x at 492–93.

A plaintiff generally may not pursue claims in a lawsuit that they did not include in the

EEOC charge. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010); *Jones v.*

*Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000); *Schaneville v. Publix Super*

*Markets, Inc.*, No. 3:20-CV-01038, 2021 WL 5054106, at *3 (M.D. Tenn. Nov. 1, 2021). That

district court aptly summarized the pertinent law as follows:

> The charge must be "sufficiently precise to identify the parties, and to
> describe generally the action or practices complained of." [*Younis*, 610
> F.3d at 361] (quoting 29 C.F.R. § 1601.12(b)). "At the same time, because
> aggrieved employees—and not attorneys—usually file charges with the
> EEOC, their *pro se* complaints are construed liberally, so that courts may
> also consider claims that are reasonably related to or grow out of the
> factual allegations in the EEOC charge." *Younis*, 610 F.3d at 362
> (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th
> Cir. 2006)); *see also Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004)
> ("[T]he general rule in this circuit [is] that the judicial complaint must be
> limited to the scope of the EEOC investigation reasonably expected to
> grow out of the charge of discrimination." (citation omitted)). Thus,
> "whe[n] facts related with respect to the charged claim would prompt the
> EEOC to investigate a different, uncharged claim, the plaintiff is not
> precluded from bringing suit on that claim." *Id*. (quoting *Davis v.*
> *Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

*Schaneville*, 2021 WL 5054106, at *3. Further, ADA clams of unlawful termination and failure-

to-accommodate are different claims. *Jones*, 209 F.3d at 854 ("A termination claim differs in kind

and date from an accommodation claim…."). Moreover, *Jones* emphasized that "the liberal

construction to be given charges filed by lay complainants pertains to legal and procedural

technicalities … [and] cannot extend to include facts and claims not alleged." *Id*.

Critically, *Jones* concluded that the plaintiff's claim to the federal court that her employer

failed to accommodate her disability could not reasonably be expected to grow out of her claim to the EEOC that her disability was a factor in her employer's decision to terminate her. *Id*. In that regard, *Jones* determined that the plaintiff's factual allegation to the EEOC that she became unable to work on a given day, i.e. the day she was terminated, "does not [reasonably] trigger an investigation into whether [she] was injured on that day due to a failure to accommodate" and "a failure to accommodate does not reasonably grow out of the initial [wrongful termination] charge." *Id.; see also*, *Perry v. American Red Cross Blood Services*, 651 Fed. Appx., 317, 324-25 (6th Cir. 2016) (Plaintiff's EEOC charge of improper termination on grounds of excessive absenteeism, without any mention of failure to accommodate, was grounds to dismiss her federal court ADA claim of failure to accommodate for failure to exhaust administrative remedies); *but see*, *Moore v. Hexacomb Corp.*, 670 F. Supp. 2d 621, 631 (W.D. Mich. Nov. 6, 2009) (distinguishing *Perry* because Moore's failure to accommodate claim and termination claim occurred simultaneously when Moore's employer sent him home with the statement that there were no jobs he could then perform in the workplace).

Here, Defendant accurately asserts that Plaintiff's EEOC charge only specifies the date of his termination and does not allege a failure to accommodate or reference any requests for accommodation or any refusal to accommodate any request. R. 37, PageID#: 177-78. Indeed, the single-page EEOC Charge itself (R. 39, PageID#: 358) makes clear that the charging document submitted to the EEOC is based entirely on an unlawful termination due to absenteeism allegation which, in turn was allegedly related to a claimed service-related disability of anxiety and adjustment disorder.

Plaintiff, however, contends first that a "fair reading" of the EEOC complaint would

10

include a charge of failure to accommodate under the rubric of including unstated charges that reasonably relate to the stated charge. He further argues that he did raise a claim of failure to accommodate later, in his response to the employer's position statement, with the EEOC. R. 46, PageID#: 974 (citing R. 39, PageID#: 992).[2] Plaintiff maintains that in addition to believing that the unstated charge reasonably relates to the stated charge, the fact that the second allegation was made in a subsequent filing with the EEOC was enough to "put the EEOC and the assigned investigator on notice" of the unstated failure to accommodate charge. *Id.* PageID#: 983.

In initially addressing the last argument that a subsequent EEOC filing will suffice to make up for not including a clam in the original EEOC charge, there is persuasive authority otherwise. *See*, *e.g.*, *Powell v. Baptist Memorial Hospital*, 2023 WL 3000956 (W.D. Tenn. Feb. 22, 2023) (*report and recommendation adopted* by 2023 WL 2994125 (W.D. Tenn. Apr. 18, 2023). *Powell* observes, as has been noted here, that there are two situations where Sixth Circuit allows for claims unstated in the EEOC charge to later be pursued in federal court: (1) if the "EEOC's investigation of one charge *in fact* reveals evidence of a different kind of discrimination against the plaintiff," or (2) "where the facts related to the charged claim would prompt the EEOC to investigate a different, uncharged claim." *Id.*, at *8 (emphasis original). The *Powell* court then considered whether claims made in a subsequent EEOC position statement can expand the scope of the charge before the EEOC. *Id.* While observing that "this is an open question in the

---

[2] The Court has reviewed Plaintiff's EEOC filing, and although it does use the word "accommodate" it does not indicate he was pursuing a "failure to accommodate" claim and as explained *infra* the Court find such an argument unsupported.

Sixth Circuit," *Powell* observes that the vast majority of district court cases in this Circuit have concluded that "[t]he relevant case law consistently refers to the *charge of discrimination* as the guiding document." *Id.*, quoting *Tobias v. Terex, USA Inc*., 2022 WL 3686423, at *9 (E.D. Mich. Aug. 25, 2022) (emphasis original), *dismissed,* 2022 WL 18028369 (6th Cir. Dec. 12, 2022).

In addition, *Powell* found that "Courts outside the Sixth Circuit have explicitly rejected the consideration of post-charge filings to expand the scope of an investigation beyond the allegations asserted in the charge." *Powell*, 2023 WL 3000956, at *9. In particular, *Powell* cited the Tenth Circuit decision in *Sanderson v. Wyoming Highway Patrol,* 976 F.3d 1164, 1171 (10th Cir. 2020) which held that "the reasonable and likely scope of the investigation is determined by the allegations contained in the *Charge* itself, rather than in the Charge and any responsive documents…." (Emphasis original). *Powell* concluded, along with the *Sanderson* court, that permitting documents filed subsequent to the charging document to expand the scope of the investigation would defeat the "twin purposes of the exhaustion requirement," which are to give employers notice of alleged violations and to give the EEOC an opportunity to conciliate the claim. *Powell*, 2023 WL 3000956, at *9 (citing and quoting *Sanderson*, 976 F.3d at 1166).

Thus, finding *Powell* to be well-reasoned and well-supported in its conclusion that documents such as an EEOC position statement do not serve to expand the scope of an EEOC investigation beyond the grounds which are found in the initial charge, or may reasonably arise from the facts asserted therein, the Court determines that nothing in Plaintiff's response to the

employer's position statement served to expand the scope of the EEOC investigation here.[3]

That said, the remaining question in the area of exhaustion is whether the EEOC Charge itself raised both the stated issue of improper termination and also an unstated charge of failure to accommodate, which Plaintiff contends is factually related to the stated claim. The previously mentioned Sixth Circuit cases of *Jones* and *Moore* compel the conclusion that Plaintiff has failed to exhaust his administrative remedies as regards any charge of failure to accommodate.

First, similar to *Jones*, Smith's EEOC complaint did not allege that the discrimination was ongoing, which might alert the EEOC to multiple denials of requests for accommodation over a period of time rather than a single termination date. Instead, Smith left blank the Charge section asking the claimant to state the date the discrimination took place or to check the box for the discrimination being a "continuing action." R. 39, PageID#: 358. Next, Plaintiff's EEOC Charge makes no reference to a request for accommodation or failure to accommodate while explicitly referring to "termination" four separate times within the five sentence statement, asserting: (1) Lorain County informed Plaintiff that Defendant's decision to "terminate" was final on August 13, 2018; (2) Plaintiff related that he "believe[s] I was terminated because of my service-connected disability;" (3) Plaintiff bases this aforementioned belief "on the fact that the director

---

[3] In addition, Plaintiff's Opposition references the EEOC's August 27, 2020 Determination. (R. 46, PageID# 974 citing the EEOC Determination at R 46-1, PageID# 1001). But the EEOC Determination makes clear the scope of the investigation: Smith "alleges that on August 13, 2018, he was informed that the earlier decision to terminate him was final. [He] alleges he was discharged for absenteeism and that any absences were due to his disability. [He] alleges he was discharged because of his disability, in violation of the ADA." That is what Plaintiff's September 17, 2018 EEOC charge alleged—wrongful termination—and it demonstrates the EEOC did not infer an unstated failure to accommodate claim from claimant's post-Charge filings.

[of LCVSC] terminated me for absenteeism…" connected to the disability; and (4) Plaintiff stated that his "termination occurred after having served my probationary period." *Id*.

Thus, as the Sixth Circuit found in *Perry*, Plaintiff's exclusive claim in his EEOC charge of improper termination, without any mention of an alleged failure to accommodate, is grounds for here dismissing Count One, alleging the failure to accommodate claim, for failure to exhaust administrative remedies. The EEOC charge itself can neither be read so that the facts alleged would prompt investigation of an unstated charge of failure to accommodate nor can the stated charge later be expanded by vague reference in later filed documents.

D. Additional matters

There remain additional issues for the Court to consider. First, since the failure to exhaust issue is dispositive of the federal claim in the manner provided above, the Court exercises judicial restraint and declines to consider corollary issues regarding: the nature of the underlying disability, whether Smith was a qualified individual with a disability, or whether he put the Defendant on notice as to any need for an accommodation by allegedly speaking to a supervisor. Similarly, the question of whether Plaintiff was a probationary employee at the time of the termination was also extensively argued by the parties but ultimately its resolution is also not necessary. This decision expresses no opinion regarding the merits of such issues.

Finally, the decision to dismiss the sole federal claim on exhaustion grounds leaves the state law claim pending. Ohio Revised Code Section 4112.052(B)(1)(a), which became effective in April of 2021, added an exhaustion requirement to Ohio's disability discrimination statute, where there was none previously, requiring a party to first file a charge with the Ohio Civil Right Commission. Since the present matter concerns events before that 2021 amendment, no

14

exhaustion requirement attaches to Plaintiff's claims under Ohio law.

With the federal claim dismissed, the pertinent issue is whether this Court should continue to exercise supplemental jurisdiction after it has dismissed all claims over which it had original jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." "Where an action in federal court includes both federal and pendent state claims and the court dismisses the federal claims before trial on a motion for summary judgment, the pendent state claims are ordinarily dismissed as well." *Williams v. City of River Rouge*, 909 F.2d 151, 157 (6th Cir. 1990); *accord Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims …."); *Lanzer v. City of Louisville, Ohio*, No. 5:13CV2251, 2014 WL 4441481, at *7 (N.D. Ohio Sept. 9, 2014) (same).

In deciding whether to exercise its supplemental jurisdiction, a court should consider such factors as comity, judicial economy, convenience and fairness, as well as the avoidance of unnecessarily deciding questions of state law. *Pinney Dock & Transp. Co, v. Penn Central Corp*., 196 F.3d 617, 620-21 (6th Cir. 1999). In this case, the following factors support declining to exercise supplemental jurisdiction: (1) the sole federal claim has been dismissed; (2) in so doing, this Court has found it unnecessary to address numerous contested issues that may bear upon the remaining state law claim; (3) the Court denies as moot and without prejudice Defendant's motion to compel documents Plaintiff allegedly failed to produce in discovery (R. 34); and (4) the scope of this matter has been substantially narrowed thereby streamlining any further state court consideration of state law issues. Therefore, this Court concludes, after balancing the factors

relevant to exercising its supplemental jurisdiction, that the remaining state law claim is dismissed.

## V. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment (R. 37) is GRANTED IN PART as to Plaintiff's sole claim under federal law. Plaintiff's remaining state law claim is dismissed without prejudice as the Court declines to exercise supplemental jurisdiction over that claim. Defendant's motion to compel discovery (R. 34) is denied as moot.

IT IS SO ORDERED.

Date: March 30, 2024                                   /s/ *David A. Ruiz*
                                                       David A. Ruiz
                                                       United States District Judge

16